1   DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
2   BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
3   SARAH ZENEWICZ, CA Bar No. 258068
sarah.zenewicz@ogletree.com
4   JASON P. BROWN, CA Bar No. 266472
jason.brown@ogletree.com
5   OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
6   Steuart Tower, Suite 1300
One Market Plaza
7   San Francisco, CA  94105
Telephone:    415.442.4810
8   Facsimile:    415.442.4870

9   Attorneys for Defendants
HCL TECHNOLOGIES LTD. and HCL
10   AMERICA, INC.

11

12                    **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14

15   REESE VOLL,                          Case No. 5:18-cv-04943-LHK

16           Plaintiff,                   **DEFENDANTS' REPLY MEMORANDUM
                                          IN SUPPORT OF PETITION TO COMPEL**
17        vs.                             **ARBITRATION**

18   HCL TECHNOLOGIES LTD. and HCL        Date:          October 23, 2018
     AMERICA, INC.,                       Time:          1:30 p.m.
19                                        Location:      Courtroom 8, Fourth Floor
             Defendants.
20                                        Action Filed:  August 15, 2018
                                          Trial Date:    None Set
21

22

23

24

25

26

27

28

                                                         Case No. 5:18-cv-04943-LHK

## I.      INTRODUCTION

Defendant HCL TECHNOLOGIES LTD. and HCL AMERICA, INC.'s ("HCL") motion to compel arbitration should be granted.  It is undisputed that Plaintiff REESE VOLL ("Voll") received an email with (i) the proposed arbitration agreement; (ii) specific instructions about how to opt-out of the agreement; and (iii) a clear explanation that Voll's continued employment constituted his assent to the arbitration agreement unless he opted out.  It is also undisputed that Voll was using his company-provided email address at the time.  Voll neither denies that HCL sent the email and arbitration agreement to his company-provided email address, nor provides affirmative evidence that he did not receive the email and arbitration agreement.  Rather, Voll's opposition is predicated entirely on his assertion that he "do[es] not recall" and "cannot confirm" receiving the email three-and-a-half years ago, along with a retrospective, self-serving statement that he would have opted out if he had viewed the agreement.  ECF 13-1 ¶¶3-6.  Voll's declarations are insufficient to rebut HCL's substantial evidence that it notified him of its policy change on December 1, 2015.  If Voll's declaration were sufficient to create a genuine issue of fact, the non-moving party could frustrate the purpose of the FAA and embroil the court in discovery over contract formation issues any time an employer used an opt-out arbitration agreement.  The Court should reject Voll's opposition and compel the parties into arbitration.

## II.     LEGAL ARGUMENT

In determining whether to compel arbitration, the Court's role under the FAA is limited "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks and citation omitted); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  When the non-moving party challenges contract formation, the court decides whether a genuine issue of material fact exists on the formation issue. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir.1991).   If a genuine issue of material fact does not exist, the Court need go no further.  If the Court does find that a genuine issue of material fact exists, the Court then proceeds summarily to evaluate the evidence using the "preponderance of evidence" standard.  *See Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th

1    Cir. 2014) (evaluating the parties' opposing declarations and finding that by a preponderance of the

2    evidence, the employee had mutually assented to an arbitration agreement through her continued

3    employment).

4         A.    **Voll's Equivocal Declaration Fails to Raise a Triable Issue of Contract
                Formation.**
5

6         HCL has established the existence of a valid arbitration agreement that encompasses the

7    discrimination claim he asserts in this action.  It is undisputed that on December 1, 2015, HCL

8    emailed all employees of HCL America Inc., stating that it had modified its Arbitration Agreement

9    effective on that date.  ECF 12-3 (Panneerselvam Decl., ¶4, Ex. A).  It is also undisputed that Voll

10   assented to the Arbitration Agreement with HCL America Inc. on January 5, 2016, by continuing

11   his employment.  ECF 12-1 (Jain Decl., ¶7); ECF 12-3 (Panneerselvam Decl. ¶4, Ex. A). These

12   undisputed facts establish the existence of a binding arbitration agreement as a matter of law.

13        An employer is permitted to unilaterally change the terms of its employees' employment,

14   including a term requiring arbitration.  *See Davis v. Nordstrom, Inc*., 755 F.3d 1089, 1093 (9th Cir.

15   2014).  Where an employee continues in his or her employment after receiving notice of the

16   changed terms or conditions, the employee is deemed to have accepted the new terms or

17   conditions.  *Schachter v. Citigroup, Inc*., 47 Cal.4th 610, 620 (Cal. 2009).  In notifying employees

18   of such a change, employers must follow only "minimal requirements" to provide notice of

19   changing its policies.  *Davis v. Nordstrom, Inc*., 755 F.3d at 1094.  Indeed, there is an evidentiary

20   presumption of receipt by the employee under the federal and California mailbox rule, when an

21   employer has established that they sent the document.  *Craig v. Brown & Root, Inc*., 84

22   Cal.App.4th 416, 421–22 (2000) ("Craig")   Evidence [of mailing] creates a presumption that the

23   employee received the items that were sent, and shifts the burden of producing evidence to the

24   employee.  *Id*. (quoting Evid. Code, § 641 [a letter correctly addressed and properly mailed is

25   presumed to have been received in the ordinary course of mail]; 1 Witkin, Cal. Evidence (4th ed.

26   2000) Burden of Proof and Presumptions, §§ 67, 78, pp. 216, 219.)); *See also Rosenthal v. Walker,*

27   111 U.S. 185, 193 (1884).  The mailbox rule has been applied equally to e-mail as well as mail, and

28   no decision in the Ninth Circuit, District Courts in California, or California state court has found

1   otherwise.  *American Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005); *Ball*

2   *v. Kotter*, 723 F.3d 813 (7th Cir. 2013).  The presumption is overcome is an employee

3   unequivocally denies receipt of the agreement, or submits evidence that the employee received and

4   explicitly rejected them.  *See Bayer v. Neiman Marcus Holdings, Inc*., 582 F. App'x 711, 714 (9th

5   Cir. 2014).   Where an employer has established that they had sent a mailing to its employees, the

6   presumption of receipt is not overcome by an employee's equivocal denial as to whether they

7   remember receiving it.  *See Craig*, 84 Cal.App.4th at 421.

8         For his part, Voll declares that he cannot "confirm" or "remember" whether he received the

9   December 1, 2015 email.  Voll Decl., ECF 13-1 ¶¶5, 6.  Voll does not deny that he received it.

10  Voll does not deny that HCL sent the e-mail to his HCL-provided email account, that HCL's

11  handbook provided that HCL employees are required to check this email account for HCL

12  communications, or that *Voll was actually  using his HCL account at the time[1]*, including on

13  December 2, 2015.  ECF 12-2 (Thangamoni Decl., Ex. B).  Thus, Voll's opposition is the kind of

14  "equivocal" denial that is insufficient to rebut the presumption of receipt.  In *Craig*, the employer's

15  declarations and documents showed that the items were mailed to the employee and not returned to

16  sender.  This created a presumption of receipt by the employee.  In response, Craig declared

17  *unequivocally* that she did not receive it.  *Craig*, 84 Cal.App.4th at 421.   The Court proceeded to

18  issue a ruling on the facts in favor of the employer.  Voll, however, presented an *equivocal* denial,

19  which is weaker than the denial in *Craig*. Accordingly, this matter does not necessitate a finding on

20  the facts because Voll has not presented evidence sufficient to overcome the presumption of receipt

21  created by the e-mailing.  *See Bayer*, 582 F. App'x 711 at 713.

22        Indeed, HCL is aware of no case – and Voll cites none – where an employee's inability to

23  remember or confirm receipt of an opt-out arbitration agreement is sufficient to create a genuine

24  issue of material fact, let alone trigger discovery on contract formation, when the employer

25  establishes that it sent the correspondence to the employee and the employee maintained his

26  employment thereafter.  Accordingly, there is no genuine issue of material fact as to the existence

27

28

---

[1] HCLA sent the email with the arbitration agreement on December 1, 2015 at 3:43PM. (See Thangamoni Decl., Ex. A). Thangamoni Decl., Ex. B is a calendar invitation email Voll *sent from his email account* on December 2, 2015 at 9:29 AM, which is after the arbitration agreement was sent by HCLA.

DEFENDANTS' REPLY MEMORANUM IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1  of the arbitration agreement.  The Court's inquiry can and should end here.

2          **B.**        **Even if the Court Proceeds to a Finding of Fact, the Court Should Find That an**

3                           **Arbitration Agreement Was Formed.**

4  Should the court proceed to a finding of fact, which HCL asserts is unnecessary, whether or

5  not HCL e-mailed this notice to Voll is not a fact intensive inquiry; the Court is able to make a

6  finding of fact via the evidence before it.  For example, in *Davis v. Nordstrom, Inc.*, 755 F.3d 1089,

7  1093 (9th Cir. 2014), Nordstrom likewise sent a letter to its employees informing them of the

8  modification to their dispute resolution process, and this created a valid arbitration agreement after

9  30 days of continued employment.  The Court proceeded to rule that Nordstrom had created a valid

10  arbitration agreement as a factual finding based on the declarations before the Court.  Likewise in

11  *Aquino v. Toyota Motor Sales*, Toyota e-mailed its arbitration provision to its employees in a mass

12  e-mail and stated: "If you do not opt out, and you remain employed after November 10, 2013, you

13  will have consented to the Mutual Agreement to Arbitrate Claims."  *Aquino v. Toyota Motor Sales*

14  *USA, Inc.*, No. 15-CV-05281-JST, 2016 WL 3055897, at \*4 (N.D. Cal. May 31, 2016).  There, the

15  Court was presented with facts that Ms. Aquino had received the e-mail and maintained her

16  employment, and that was the end of the inquiry (despite her claim that she didn't want to be

17  bound by it).  "As in *Craig*, Ms. Aquino had notice of Toyota's implementation of the arbitration

18  agreement, and she continued to work for Toyota after the Agreement went into effect."  *Id*.

19  Here, like in *Davis* and *Aquino*, the Court rendered its decision on the merits of the

20  declarations before it and found as a matter of fact that the parties had mutually assented to

21  arbitration by virtue of an employer's notification of a change in arbitration policy, and an

22  employee's election to continue employment with them.  Here, HCL asserts it has established this

23  agreement as a matter of law, but at least in the alternative has established via a preponderance of

24  the evidence that Voll provided his assent to an agreement to arbitrate by his continued

25  employment.

26  / / /

27  / / /

28  / / /

DEFENDANTS' REPLY MEMORANUM IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1

**C.    The Cases Plaintiff Cites are Distinguishable and do Not Provide Legal
Authority for a Factual Dispute Here**

2

3    Voll cites to cases from many jurisdictions and involving arbitration disputes in a variety of

4    contexts outside of the employer-employee relationship.   First, Voll looks to consumer class action

5    and intellectual property precedent to argue against "inconspicuous contractual provisions..."  *See*

6    *Knutson v. Sirius XM Radio, Inc*., 771 F.3d 559 (9th Cir. 2014) (cited twice by Voll in his

7    opposition).  This is very different from an employer sending a direct communication to an

8    employee about a change in policies, and is certainly not the "inconspicuous contractual provision"

9    being referenced in Knutson.   *Sanford v. MemberWorks, Inc.*, 483 F.3d 956 (9th Cir. 2007) is

10   similarly distinguishable because it involves a product manufacturer trying to enforce an arbitration

11   agreement against a consumer of its product purchased from a TV advertisement).  *Id*. at 958.

12   These are not employment cases, and they don't involve the notice considerations that arise from

13   the employer-employee relationship.  Next, *Concat LP v. Uniliver*, *PLC*, 350 F. Supp.2d 796 (N.D.

14   Cal. 2004) and *Simula, Inc. v. Autoliv, Inc*. 175 F.3d 716, 726 (9th Cir. 1999) are distinguishable

15   because they are intellectual property disputes in which the scope of the arbitration agreement was

16   challenged.  These cases do not involve the employer-employee relationship, and the transmission

17   of a policy change is not challenged.

18       Finally, Voll does cite to several employment cases, but they are all distinguishable because

19   they (1) address the content of the notification from the employer, not the details of its

20   transmission; and (2) apply the law of different jurisdictions. *Nelson v. Cyprus Bagdad Copper*

21   *Corporation* 119 F.3d 756 (9th Cir. 1997), is a 1997 decision applying Arizona law out of the 9th

22   Circuit, is distinguishable.  It involves a transmission to employees that did not include a writing

23   detailing the nature of the arbitration agreement; thus it was the content of the mailing, not the fact

24   of the mailing was being challenged, and thus is distinguished.  *Hudyka v. Sunoco, Inc*., 474 F.

25   Supp. 2d 712, 714 (E.D. Pa. 2007), is the same.  There, applying Pennsylvania law, the Court took

26   issue with the content of the arbitration notice, not whether its transmission occurred.  *Campbell v.*

27   *Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 542 (1st Cir. 2005), applies Massachusetts law, and

28   also addresses content, as opposed to the fact of mailing.   *Campbell* actually buttresses HCL's

DEFENDANTS' REPLY MEMORANUM IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1    position because it illustrates, in dicta, that e-mail transmission of an arbitration agreement from an

2    employer is sufficient, and reiterates that the notice requirement is "minimal." *Id*.

3          In sum, Voll's authorities are distinguishable because they address the content of the notice,

4    which is not in dispute here, as opposed to the method of transmission.  By applying the on-point

5    authorities HCL cites, the court should find there to be no genuine issue of material fact, or at least

6    that as a matter of fact that HCL e-mailed its arbitration provision to Voll, and that he assented to it

7    by his continued employment without opting out.

8          **D.     Discovery is Unnecessary**

9          Plaintiff fails to justify how discovery—restricted as it might be—would result in facts

10   supporting his uncertain memory. HCLA provided sworn statements that the arbitration agreement

11   was sent to and found in Voll's e-mail inbox that he used within 24 hours of receiving the

12   agreement.  Voll cannot undo the definitive evidence that has been produced, nor should be

13   permitted to thwart efficient progress to arbitration by simply declaring equivocally that he cannot

14   remember receiving it one way or the other. Voll cites to no cases in which discovery was ordered

15   to permit a Plaintiff an open-ended questioning of an Employer's e-mail transmission based on an

16   equivocal lack of certainty as to whether or not it occurred.

17         Furthermore, the cases Plaintiff cites are distinguishable and, in fact, illustrate why the

18   present matter is not one in which discovery is needed or permitted.  In *Simula, Inc. v. Autoliv, Inc*.

19   175 F.3d 716 (9th Cir. 1999), a case applying Arizona law, the Court denied the Plaintiff's request

20   for pre-arbitration discovery, finding that any discovery permitted by the FAA is limited, and that

21   Plaintiff's claim didn't fall within that limitation.  *Id*. at 726.  In *Scudieri v. Chapman Chevrolet*

22   *Chandler, LLC*, No. 2:16-CV-01988 JWS, 2017 WL 2255184 (D. Ariz. May 23, 2017), a case

23   applying Third Circuit precedent to Arizona law, the Court permitted discovery on an issue of

24   arbitrability, an inquiry that is not at issue here, and certainly not binding on this Court.  Finally, in

25   *Myrvold v. Raibow Fiberglass & Boat Repair, LLC*, No. 3:17-CV-00245-SLG, 2018 WL 1748107,

26   at *4 (D. Alaska Apr. 11, 2018), the District of Alaska issued a nonbinding decision that because

27   "Mr. Myrvold unequivocally challenges the existence of the arbitration agreement" the parties

28   were to meet and confer on limited discovery needed." *Id*.  *Myrvold* is not binding, but it also

DEFENDANTS' REPLY MEMORANUM IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1   illustrates why Voll's case is specifically different because his is an equivocal position on HCL's

2   transmission of the arbitration agreement insufficient to rebut his presumption of receipt.

3   **III.      CONCLUSION**

4           For the foregoing reasons, HCL respectfully requests that the Court compel Voll to submit

5   his claims to binding, bilateral arbitration and dismiss this lawsuit in its entirety, without prejudice.

6   Alternatively, HCL respectfully requests that the Court compel Voll to binding, bilateral arbitration

7   and stay further proceedings pending the conclusion of arbitration.

8

9   DATED:  September 26, 2018                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                   STEWART, P.C.
10

11

12                                                By:  */s/ Jason P. Brown*
                                                       Douglas J. Farmer
13                                                     Brian D. Berry
                                                       Sarah Zenewicz
14                                                     Jason P. Brown

15                                                Attorneys for Defendants
                                                  HCL TECHNOLOGIES LTD. and HCL
16                                                AMERICA, INC.

17

18                                                                              35675470.1

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMORANUM IN SUPPORT OF PETITION TO COMPEL ARBITRATION